IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01398-CMA-MEH

RENEE BRYANT,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER,

    Defendant.

## RECOMMENDATION TO DISMISS FOR FAILURE TO PROSECUTE

**Michael E. Hegarty, United States Magistrate Judge.**

This matter comes before the Court *sua sponte*, due to Plaintiff's failure to participate in the preparation of the Final Pretrial Order, failure to appear at the Final Pretrial Conference (converted to a Status Conference by the Court), and failure to respond to this Court's Order to Show Cause for her failure to appear and to respond to Defendant's Motion for Summary Judgment despite this Court's order to do so. The Court recommends that, for the reasons stated herein, this case be **dismissed with prejudice**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar*

## BACKGROUND

Plaintiff initiated this action on June 16, 2009 and proceeds in this matter *pro se*. After several requests by the parties to continue the Scheduling Conference, the conference was finally held February 8, 2010. Subsequently, following additional requests for extensions of time by the Plaintiff, the Court held a status conference on August 17, 2010 to discuss Plaintiff's nonappearance at her scheduled deposition and to set dates for further discovery in this case. The Court set deadlines for discovery and for filing dispositive motions for September 30, 2010. The Court held another status conference in this case on September 24, 2010, at which the Court set a date for a Settlement Conference and Final Pretrial Conference for November 19, 2010. On September 30, 2010, the Defendant filed a Motion for Summary Judgment. This Court issued an order directing the Plaintiff to file a response to the motion on or before November 5, 2010.[2] The Plaintiff filed no response and requested no extension of time within which to do so.

On November 12, 2010, the Defendant filed a proposed Final Pretrial Order containing no information from the Plaintiff. Consequently, the Court converted the Final Pretrial Conference to a Status Conference. On November 19, 2010, the Plaintiff failed to appear for the scheduled conference. That same day, the Court issued an Order to Show Cause for Plaintiff's failure to appear, and directed the Plaintiff to respond in writing on or before November 30, 2010. Plaintiff was advised that her failure to timely respond to the Order to Show Cause would result in this Court issuing a recommendation to dismiss the action for failure to prosecute. The Plaintiff failed to respond within the allotted time and did not seek an extension of time within which to respond.

---

*Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

[2]The Court notes that this order provided the Plaintiff with more time than that allowed pursuant to D.C. Colo. LCivR 56.1A.

## DISCUSSION

Although Plaintiff is proceeding in this case without an attorney, she bears the responsibility of prosecuting this case with due diligence. By order of this Court, Plaintiff was required to attend the Status Conference (converted from a Final Pretrial Conference due to Plaintiff's failure to participate in the preparation of the proposed order). In addition, Plaintiff was ordered to respond to the Defendant's motion for summary judgment; however, as noted previously, no response was filed by the Plaintiff. Additionally, Plaintiff filed no response to this Court's Order to Show Cause. Although the Court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Furthermore, the Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). Fed. R. Civ. P. 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id.*; *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett,* 312 F.3d 1190, 1195 (10th Cir. 2002). However, a dismissal with prejudice is a more severe sanction

and, generally, requires the district court to consider certain criteria. *AdvantEdge Bus. Group v. Thomas E. Mestmaker & Assoc., Inc.,* 552 F.3d 1233, 1236 (10th Cir. 2009). The Tenth Circuit set forth a non-exhaustive list of factors a district court should consider when evaluating grounds for dismissal of an action with prejudice: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992) (internal quotations and citations omitted). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.,* 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus,* 965 F.2d at 921).

Considering the first factor, the Court finds that Plaintiff's lack of cooperation and diligence in this case has caused the Defendant prejudice because it has been deprived of information necessary to defend against Plaintiff's claims. Moreover, Plaintiff's lack of response to this Court's orders and her failure to participate has interfered with the judicial process in that the Court has been unable to issue a Final Pretrial Order in this case. Additionally, the necessity in issuing an Order to Show Cause increases the workload of the Court and interferes with the administration of justice.

Furthermore, the Plaintiff has provided no justification for her failures to respond to Court orders and to participate in the litigation; her culpability is evident. Plaintiff was warned in the Order to Show Cause that the Court would recommend dismissal for her failure to prosecute; yet, she has made no response. Finally, the Court finds that no sanction less than dismissal with prejudice would be effective here. The Plaintiff has essentially abandoned this litigation; thus, no

monetary sanction would be practical. The Court concludes that dismissal with prejudice is the appropriate result.

## CONCLUSION

The Plaintiff appears to have abandoned her claims in this matter. She has failed to prosecute the case with due diligence by her failures to participate in the preparation of the proposed Final Pretrial Order in this matter, failure to appear for the November 19, 2010 conference, failure to respond to the Defendant's motion for summary judgment, failure to respond to this Court's order to show cause, and failure to properly request an extension of time to respond if she was unable to do so in a timely manner. For these reasons alone, dismissal of this action against the Defendant is warranted.

Based on the foregoing and the entire record herein, and pursuant to Fed. R. Civ. P. 41(b), I respectfully RECOMMEND that the District Court dismiss this case with prejudice for Plaintiff's failure to prosecute this action, and deny Defendant's Motion for Summary Judgment [filed September 30, 2010; docket #40] as moot.

Dated this 7th day of December, 2010, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge